**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ASHLAND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GAR ELECTROFORMING, INC., THE BLACK & DECKER CORPORATION, EMHART INDUSTRIES, MORTON INTERNATIONAL, INC., ROHM & HAAS COMPANY, ACCO-BRISTOL DIVISION OF BABCOCK INDUSTRIES, BRISTOL, INC., PERKIN-ELMER CORPORATION, APPLERA CORP., and UNITED TECHNOLOGIES CORPORATION<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br><br>1:08-cv-227-T-LDA<br><br><br><br><br><br><br><br><br><br><br><br><br>AUGUST 13, 2008 |

**DEFENDANT THE BLACK & DECKER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant THE BLACK & DECKER CORPORATION ("Defendant") hereby submits its Answer and Affirmative Defenses directed to Plaintiffs' Complaint dated June 12, 2008:

## INTRODUCTION

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

## PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3.

4. The allegations in paragraph 4 are denied.

5. The allegations in paragraph 5 are denied.

6. The allegations in paragraph 6 are denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

## JURISDICTION AND VENUE

14. The allegations contained in paragraph 14 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15. The allegations contained in paragraph 15 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16. Defendant denies that it contributed to the contamination of the Davis site. The remainder of the allegations contained in paragraph 16 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 16.

17. The allegations contained in paragraph 17 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18. The allegations in paragraph 18 are admitted.

19. The allegations in paragraph 19 are admitted.

20. The allegations in paragraph 20 are admitted.

21. The allegations in paragraph 21 are admitted.

22. The allegations in paragraph 22 are admitted.

23. The allegations in paragraph 23 are admitted.

24. The allegations in paragraph 24 are admitted.

25. The allegations in paragraph 25 are admitted.

26. The allegations in paragraph 26 are admitted.

27. The allegations in paragraph 27 are admitted.

28. The allegations in paragraph 28 are admitted.

29. The allegations in paragraph 29 are admitted.

30. The allegations in paragraph 30 are admitted.

31. The allegations in paragraph 31 are admitted.

32. The allegations in paragraph 32 are admitted.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are admitted.

35. The allegations in paragraph 35 are admitted.

36. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 36.

**Soil Remediation Efforts**

37. The allegations in paragraph 37 are admitted.

38. The allegations in paragraph 38 are admitted.

39. The Defendant admits that the "PCD also provides protection from contribution actions pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), for the work contemplated under the PCD, which specifically excludes the groundwater cleanup for which Ashland now seeks cost recovery." As to the remaining allegations in paragraph 39, Defendant is without knowledge or information sufficient to form a belief.

40. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 41.

**The Groundwater Remediation**

42. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44. Defendant admits that "The work that has comprised these costs is the type of work specifically excluded from the scope of work defined in the PCD signed by UTC." As to the remaining allegations in paragraph 44, Defendant is without knowledge or information sufficient to form a belief.

45. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 45.

46. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 46.

47. Defendant denies that it "arranged for disposal or treatment of hazardous substances at the Davis site or the transport of hazardous substances to the Davis site." As to the remaining allegations in paragraph 47, Defendant is without knowledge or information sufficient to form a belief.

**COUNT I – COST RECOVERY**

48. As to paragraph 48, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs of Plaintiff's complaint.

49. The allegations contained in paragraph 49 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 49.

50. The allegations contained in paragraph 50 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 50.

51. The allegations contained in paragraph 51 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 51.

52. Defendant denies that it "arranged for disposal of its hazardous substances, or arranged with a transporter for transport for disposal of its hazardous substances and those substances were disposed of at the Davis Site." The remainder of the allegations contained in paragraph 52 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 52.

53. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 53.

54. Defendant denies that it is liable to Ashland under CERCLA § 107(a), 42 U.S.C. § 9607(a), for response costs Ashland may have incurred at the Davis Site. The remainder of the allegations contained in paragraph 54 constitute legal conclusions to which Defendant is not

required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 54.

**COUNT II STATUTORY CONTRIBUTION**
**(State Law claim Against All Defendants Except UTC)**

55. As to paragraph 55, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs of Plaintiff's complaint.

56. The allegations contained in paragraph 56 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is necessary, the Rhode Island Uniform Contribution Among Tortfeasors Act, R.I. Gen. Laws § 10-6-1 et seq. speaks for itself.

57. Defendant denies it is jointly and severally liable for injury to property by virtue of the District Court's ruling in U.S. v. Davis. The remainder of the allegations contained in paragraph 57 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 57.

58. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 58.

59. Defendant denies that it is "liable to Ashland for contribution under Rhode Island law for all response costs and other monetary liability incurred by Ashland that is in excess of the equitable, proportionate share of liability ascribed to Ashland by the District Court." The remainder of the allegations contained in paragraph 59 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 59.

60. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 60.

**COUNT III – EQUITABLE INDEMNIFICATION**
**(State Law Claim)**

61. As to paragraph 61, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs of Plaintiff's complaint.

62. Defendant denies it shares liability related to the release of hazardous materials at the Davis Site by virtue of the District Court's finding in U.S. v. Davis. The remainder of the allegations contained in paragraph 62 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 62.

63. Defendant denies that Ashland is entitled under equitable considerations to indemnity from Defendant. The remainder of the allegations contained in paragraph 63 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 63.

64. Defendant denies that Ashland is entitled to equitable indemnification from Defendant. The remainder of the allegations contained in paragraph 64 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 64.

## COUNT IV – DECLARATORY JUDGMENT

65. As to paragraph 65, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs of Plaintiff's complaint.

66. The allegations contained in paragraph 66 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 66.

67. Defendant denies that it shares a common liability for future response costs of the groundwater cleanup at the Davis Site. The remainder of the allegations contained in paragraph 67 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 67.

68. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 68.

## PRAYER FOR RELIEF

As to the Prayers for Relief requested at pages 14 and 15 of the Plaintiff's Complaint, the Defendant denies that the Plaintiff is entitled to any of the relief sought against it, and respectfully requests that this Court deny any and all such relief.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense as to all Counts.

The Plaintiff has failed to state a claim upon which relief can be granted.

Second Affirmative Defense as to all Counts.

All of Plaintiff's claims are barred by the applicable statutes of limitation.

Third Affirmative Defense as to all Counts.

If this Court finds that Defendant is the successor in interest to the environmental liabilities of Gar Electroforming ("Gar"), which Defendant denies, then such liability is limited to 0.03% of any response costs that Plaintiff is entitled to recover, such percentage being the amount allocated to Gar by the District Court in U.S. v. Davis and affirmed by the United States First Circuit Court of Appeals in U.S. v. Davis, 261 F.3d 1 (1st Cir. 2001).

DEFENDANTS, GAR ELECTROFORMING, INC., THE BLACK & DECKER CORPORATION and EMHART INDUSTRIES

/s/ Dean M. Cordiano
Dean M. Cordiano (Admitted Pro Hac Vice)
*dmcordiano@daypitney.com*
Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
(860) 275-0100
(860) 275-0343 (fax)

Their Attorneys

**CERTIFICATION OF SERVICE**

I hereby certify that on August 13, 2008 a copy of foregoing **Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court 's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court' s system.

/s/ Dean M. Cordiano ____________________
Dean M. Cordiano (Admitted Pro Hac Vice)