**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ASHLAND, INC.<br>Plaintiff, | : |
| | : C.A. No. 1:08-CV-227-T-LDA |
| v. | : |
| GAR ELECTROFORMING, INC. THE BLACK & DECKER CORPORATION, EMHART INDUSTRIES, MORTON INTERNATIONAL, INC., ROHM & HAAS COMPANY, ACCO-BRISTOL DIVISION OF BABCOCK INDUSTRIES, BRISTOL, INC., PERKIN-ELMER CORPORATION, APPLERA CORP., and UNITED TECHNOLOGIES COPORATION | : |
| Defendants. | : |

**DEFENDANT MORTON INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Morton International Inc. ("Defendant") answers the Complaint as follows:

**INTRODUCTION**

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and therefore denies the same.

2. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 and therefore denies the same.

**PARTIES**

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3 and therefore denies the same.

4. Defendant is without knowledge or information sufficient to form a belief as to

the allegations in paragraph 4 and therefore denies the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5 and therefore denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and therefore denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 7 and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 8 and therefore denies the same.

9. Defendant admits the allegations set forth in paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10 and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 11 and therefore denies the same.

12. Defendant admits that it is a corporation with its principal office in Norwalk, Connecticut and denies the remaining allegations in this paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 13 and therefore denies the same.

## JURISDICTION AND VENUE

14. The allegations contained in paragraph 14 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations set forth therein.

15. The allegations contained in paragraph 15 constitute legal conclusions to which

Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations set forth therein.

16. Defendant denies that it contributed to the contamination of the Davis site. The remainder of the allegations contained in paragraph 16 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations set forth therein.

17. The allegations contained in paragraph 17 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations set forth therein.

18-28. Defendant admits the allegations set forth in paragraphs 18 through 28.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 and therefore denies the same.

30. Defendant admits the allegations set forth in paragraph 30.

31. Defendant admits that the Court made allocations as set forth in paragraph 31.

32-36. Paragraphs 32 through 36 paraphrase the decision in U.S. v. Davis, 31 F. Supp. 2d 45(1998) and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained therein.

**Soil Remediation Efforts**

37-38. Defendant admits the allegations contained in paragraphs 37 and 38.

39. The Defendant admits that the "PCD also provides protection from contribution actions pursuant to CERCLA § 113(f), 42. U.S.C. § 9613(f), for the work contemplated under the PCD, which specifically excludes the groundwater cleanup for which Ashland now seeks cost recovery." As to the remaining allegations in paragraph 39, Defendant is without

knowledge or information sufficient to form a belief as to those allegations and therefore denies the same.

40. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 40 and therefore denies the same.

41. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 41 and therefore denies the same.

**The Groundwater Remediation**

42. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 42 and therefore denies the same.

43. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 43 and therefore denies the same.

44. Defendant admits that "The work that has comprised these costs is the type of work specifically excluded from the scope of work defined in the PCD signed by UTC." As to the remaining allegations in paragraph 44, Defendant is without knowledge or information sufficient to form a belief as to those allegations and therefore denies the same.

45. Defendant denies that it is liable for any contamination present at the Davis Site. As to the remainder of the allegations in paragraph 45, Defendant is without knowledge or information sufficient to form a belief as to those allegations and therefore denies the same.

46. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 46 and therefore denies the same.

47. Defendant denies that it "arranged for disposal or treatment of hazardous substances at Davis site or the transport of hazardous substances to the Davis Site." As to the remaining allegations in paragraph 47, Defendant is without knowledge or sufficient information

to form a belief as to those allegations and therefore denies the same.

**COUNT I – COST RECOVERY**

48. As to paragraph 48, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs of Plaintiff's complaint.

49. The allegations contained in paragraph 49 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations contained therein.

50. The allegations contained in paragraph 50 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

51. The allegations contained in paragraph 51 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations contained therein.

52. Defendant denies that it "arranged for disposal of its hazardous substances, or arranged with a transporter for transport for disposal of its hazardous substances and those substances were disposed of at the Davis Site." The remainder of the allegations contained in paragraph 52 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

53. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 53 and therefore denies the same.

54. Defendant denies that it is liable to Ashland under CERCLA § 107(a), 42 U.S.C. § 9607(a), for response costs Ashland may have incurred at the Davis Site. The remainder of the allegations contained in paragraph 54 constitute legal conclusions to which Defendant is not

required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

**COUNT II**

55. As to paragraph 55, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs of Plaintiff's complaint.

56. The allegations contained in paragraph 56 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is necessary, the Rhode Island Uniform Contribution Among Tortfeasors Act, R.I. Gen. Laws § 10-6-1 et. seq. speaks for itself.

57. Defendant denies it is jointly and severally liable for injury to property by virtue of the District Court's ruling in U.S. v. Davis. The remainder of the allegations contained in paragraph 57 contain legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

58. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 58 and therefore denies the same.

59. Defendant denies that it is "liable to Ashland for contribution under Rhode Island law for all response costs and other monetary liability incurred by Ashland that is in excess of the equitable, proportionate share of liability ascribed to Ashland by the District Court." The remainder of the allegations contained in paragraph 59 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations contained therein.

60. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 60 and therefore denies the same.

**COUNT III – EQUITABLE INDEMNIFICATION**

61. As to paragraph 61, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs of Plaintiff's complaint.

62. Defendant denies it shares liability related to the release of hazardous materials at the Davis Site by virtue of the District Court's finding in U.S. v. Davis. The remainder of the allegations contained in paragraph 62 constitute legal conclusions to which Defendants is not required to respond. To the extent that a response is required, Defendant denies the allegations contained therein.

63. Defendant denies that Ashland is entitled under equitable considerations to indemnify from Defendant. The remainder of the allegations contained in paragraph 63 constitute legal conclusions to which Defendants is not required to respond. To the extent that a response is required, Defendant denies the allegations contained therein.

64. Defendant denies that Ashland is entitled to equitable indemnification from Defendant. The remainder of the allegations contained in paragraph 64 constitute legal conclusions to which Defendants is not required to respond. To the extent that a response is required, Defendant denies the allegations contained therein.

**COUNT IV – DECLARATORY JUDGMENT**

65. As to paragraph 65, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs of Plaintiff's complaint.

66. The allegations contained in paragraph 66 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies that it is a Generator Defendant and therefore there is no actual and substantial controversy as to it.

67. Defendant denies that it shares a common liability for future response costs of the

groundwater cleanup at the Davis Site and that it is a Generator Defendant. The remainder of the allegations contained in paragraph 67 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations contained therein.

68. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 68 and therefore denies the same.

## PRAYER FOR RELIEF

As to the Prayers for Relief requested at pages 14 and 15 of the Plaintiff's Complaint, the Defendant denies that the Plaintiff is entitled to any of the relief sought against it, and respectfully requests that this Court deny any and all such relief.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Complaint is barred by the applicable statute of limitations, including, without limitation, 42 U.S.C. § 9613(g)(3).

### Third Defense

The Complaint is barred by laches.

### Fourth Defense

Defendant is not liable to Plaintiff pursuant to any of the claims raised in the Complaint because the District Court made a 0% allocation to Defendant in U.S. v. Davis, which 0% allocation was affirmed by the United States First Circuit Court of Appeals in U.S. v. Davis, 261 F. 3d 1 (1st Cir. 2001).

**Fifth Defense**

Plaintiff has failed to join indispensable parties.

**Sixth Defense**

Plaintiff's claims are barred because it has failed to satisfy the prerequisites and requirements for such claims as established by the National Contingency Plan.

**Seventh Defense**

Plaintiff's claims are barred because the actions allegedly undertaken by it are and were not consistent with the National Contingency Plan.

**Eighth Defense**

Plaintiffs' claims are barred or limited insofar as it seeks to recover costs, damages and expenses other than "necessary costs of response" under Section 107 (a)(4)(B) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9607(a)(4)(B).

**Ninth Defense**

Plaintiff's claims are barred or limited because the Plaintiff has failed to mitigate its damages.

**Tenth Defense**

Plaintiff's claims and causes of action are barred by the doctrine of unjust enrichment.

**Eleventh Defense**

Plaintiff's claims and causes of action are barred by the doctrine of estoppel, waiver and unclean hands.

**Twelfth Defense**

The United States Constitution, CFRCLA, and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and/or omissions of Defendant that were in compliance with applicable local, state and federal laws and regulations in effect at the time of such acts and/or omissions.

**Thirteenth Defense**

Any costs, damages and/or expenses incurred by the plaintiff was incurred voluntarily and, therefore, any claims for contribution for said costs, damages, and/or expenses are barred.

**Fourteenth Defense**

Defendant alleges all other affirmative defenses that may become available as a result of information developed through discovery or trial.

**WHEREFORE**, Defendant demands that the Plaintiff's Complaint be dismissed with prejudice and that it be awarded costs and reasonable attorneys' fees and such other relief as this Court may deem just and proper.

Morton International, Inc.

By their attorneys,

/s/ Gregory L. Benik
Gregory L. Benik, Esq. (#1515)
BENIK & ASSOCIATES P.C.
931 Jefferson Boulevard, Suite 2008
Warwick, RI 02886
(401) 454-0054
(401) 732-3550 (fax)
gbenik@jreri.com

Dated: August 21, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2008, I caused a copy of the within Defendant Morton International, Inc.'s Answer to Plaintiff's Complaint to be sent by electronic means (ECF) to the following counsel of record:

**Anthony F. Muri**
amuri@murilaw.com

**Dean M. Cordiano**
dmcordiano@daypitney.com

**Joseph K. Scully**
JKScully@DayPitney.com

**Rene A. Ortega**
raortega@daypitney.com

**S. Paul Ryan**
Spryan@eplaw.necoxmail.com

/s/ Gregory L. Benik