**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ASHLAND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GAR ELECTROFORMING, INC., THE BLACK & DECKER CORPORATION, EMHART INDUSTRIES, MORTON INTERNATIONAL, INC., ROHM & HAAS COMPANY, ACCO-BRISTOL DIVISION OF BABCOCK INDUSTRIES, BRISTOL, INC., PERKIN-ELMER CORPORATION, APPLERA CORP., and UNITED TECHNOLOGIES CORPORATION<br><br>Defendants. | : | CIVIL ACTION NO.<br><br>1:08-cv-227-T-LDA<br><br>September 9, 2008 |

**DEFENDANT THE BLACK & DECKER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO UNITED TECHNOLOGIES CORPORATION'S CROSS-CLAIMS**

Defendant THE BLACK & DECKER CORPORATION ("Defendant") hereby submits its Answer and Affirmative Defenses directed to UNITED TECHNOLOGIES CORPORATION'S ("UTC") Cross-Claims filed on August 21, 2008. Although UTC's Counterclaims are directed to Ashland, Inc., UTC incorporated by reference counterclaim allegation paragraphs 1-33 in its Cross-Claims against this Defendant. Accordingly, those paragraphs are responded to by this Defendant.

**COUNTERCLAIM ALLEGATIONS INCORPORATED BY REFERENCE INTO CROSS-CLAIMS**

**INTRODUCTION**

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

**PARTIES**

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

**JURISDICTION AND VENUE**

5. The allegations contained in paragraph 5 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5.

6. The allegations contained in paragraph 6 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. The allegations contained in paragraph 7 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

**FACTS**

8. The allegations in paragraph 8 are admitted.

9. The allegations in paragraph 9 are admitted.

10. The allegations in paragraph 10 are admitted.

11. The allegations in paragraph 11 are admitted.

12. The allegations in paragraph 12 are admitted.

13. The allegations in paragraph 13 are admitted.

14. The allegations in paragraph 14 are admitted.

15. The allegations in paragraph 15 are admitted, except for the following allegations, "and agreed to perform work required by EPA's ROD, as modified by EPA's ESD, for the Davis Site, except for the Management of Migration Components (as that phase is defined in the ROD)[,]" as to which this Defendant is without knowledge or information sufficient to form a belief.

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17. The allegations in paragraph 17 are admitted.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

**COUNTERCLAIM COUNT I – CERCLA §§ 107 AND 113 (UTC'S Past Costs)**

22. As to paragraph 22, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs 1-21 above.

23. The allegations in paragraph 23 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

24. The allegations in paragraph 24 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

**COUNTERCLAIM COUNT II – CERCLA §§ 107 AND 113 (Equitable Allocation of Ashland's Response Costs)**

25. As to paragraph 25, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs 1-24 above.

26. The allegations in paragraph 26 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

27. Defendant admits that this Court's equitable allocation in its 1998 decision, 31 F. Supp. 2d 45 (D.R.I. 1998), aff'd, 261 F.3d 1 (1st Cir. 2001), is binding on the defendants that were parties to that action. Defendant denies that UTC is entitled to recover "unrecovered response costs and interest UTC incurred in connection with [the] soil remediation[]" of the Davis Site from Defendant. As to the remaining allegations in paragraph 27, the allegations are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

28. The allegations in paragraph 28 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

**<u>COUNTERCLAIM COUNT III – Set off (Equitable Doctrine of Recoupment)</u>**

29. As to paragraph 29, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs 1-28 above.

30. The allegations in paragraph 30 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

31. The allegations in paragraph 31 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

32. The allegations in paragraph 32 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

33. The allegations in paragraph 33 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

**<u>CROSS-CLAIM COUNT I (as to Gar, Emhart, Black & Decker, ACCO-Bristol, Bristol, Perkin-Elmer and Applera)</u>**

1. As to paragraph 1, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in paragraphs 1-33 of the Counterclaims above.

2. The allegations in paragraph 2 are denied.

3. The allegations in paragraph 3 are denied.

4. The allegations in paragraph 4 are denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9. Defendant denies that it contributed to the contamination of the Davis site. The remainder of the allegations contained in paragraph 9 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9.

10. The District Court and First Circuit decisions speak for themselves, and therefore, no response to paragraph 10 is required.

11. Defendant denies it is liable to UTC under §§ 107 and 113 of CERCLA for response costs incurred by UTC.

**CROSS-CLAIM COUNT II (as to Gar, Emhart, Black & Decker, ACCO-Bristol, Bristol, Perkin-Elmer and Applera)**

12. As to paragraph 12, Defendant incorporates by reference as if fully set forth herein its responses to the allegations in paragraphs 1-11 of Cross-Claim I above.

13. Defendant denies it is liable to UTC under §§ 107 and 113 of CERCLA for response costs incurred by UTC. As to the allegations directed at other Cross-Claim Defendants, no response is required by this Defendant.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense as to all Cross-Claims.

UTC has failed to state a claim upon which relief can be granted.

Second Affirmative Defense as to all Cross-Claims.

UTC's cross-claims are barred by the applicable statutes of limitation.

Third Affirmative Defense as to all Cross-Claims.

If this Court finds that Defendant is the successor in interest to the environmental liabilities of Gar Electroforming ("Gar"), which Defendant denies, then such liability is limited to 0.03% of any response costs that UTC is entitled to recover, such percentage being the amount allocated to Gar by the District Court in U.S. v. Davis and affirmed by the United States First Circuit Court of Appeals in U.S. v. Davis, 261 F.3d 1 (1st Cir. 2001).

DEFENDANTS, GAR ELECTROFORMING, INC., THE BLACK & DECKER CORPORATION and EMHART INDUSTRIES

/s/ Joseph K. Scully

Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
(860) 275-0100
(860) 275-0343 (fax)

DEFENDANTS, GAR ELECTROFORMING, INC., THE BLACK & DECKER CORPORATION and EMHART INDUSTRIES

/s/ Dean M. Cordiano

Dean M. Cordiano (Admitted Pro Hac Vice)
*dmcordiano@daypitney.com*
Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
(860) 275-0100
(860) 275-0343 (fax)

Their Attorneys

**CERTIFICATION OF SERVICE**

I hereby certify that on September 9, 2008 a copy of foregoing **Answer and Affirmative Defenses to UTC's Cross-Claims** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court 's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court' s system.

/s/ Dean M. Cordiano
Dean M. Cordiano (Admitted Pro Hac Vice)