**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ASHLAND INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GAR ELECTROFORMING, *et al.*,**<br><br>**Defendants.** | **<u>ANSWER TO COUNTERCLAIM</u>**<br>**C.A. NO. 08-227T** |

Plaintiff Ashland Inc. ("Ashland") hereby answers the Counterclaim filed by Defendant United Technologies Company ("UTC") and states:

1. Paragraph 1 of the Counterclaim states a legal conclusion that requires no response. To the extent a response may be required, Ashland denies and demands strict proof.

2. Ashland is without sufficient knowledge to admit or deny the allegations of paragraph 2, and therefore denies and demands strict proof thereof.

3. Ashland admits the allegations of paragraph 3.

4. Ashland admits the allegations of paragraph 4.

5. Paragraph 5 states a legal conclusion that requires no response.

6. Ashland admits that this Court has jurisdiction over it, but denies that said jurisdiction is for the reasons alleged in paragraph 6.

7. Ashland admits the allegations of paragraph 7.

8. Ashland admits the allegations of paragraph 8.

9. Ashland admits the allegations of paragraph 9.

10. Ashland admits the allegations of paragraph 10.

11. Ashland admits the allegations of paragraph 11.

12. Ashland denies the allegations of paragraph 12 to the extent those allegations are inconsistent with the allegations of the lawsuit referenced therein.

13. Ashland denies the allegations of paragraph 13 to the extent those allegations are inconsistent with the allegations of the lawsuit referenced therein.

14. Ashland admits the allegations of paragraph 14.

15. Ashland admits that UTC and other parties (not including any of the other defendants in this action) entered into a Partial Consent Decree with the EPA, as alleged in paragraph 15, but avers that the document speaks for itself and denies UTC's characterization of the terms of that document to the extent they are inconsistent with it.

16. Ashland is without sufficient information to admit or deny the allegations of paragraph 16, and therefore denies and demands strict proof thereof.

17. Ashland admits this Court issued a reported decision, as alleged in paragraph 17, but avers that the decision speaks for itself and denies UTC's characterization of that opinion. Answering further, Ashland admits that the United States Court of Appeals for the First Circuit issued an opinion as cited by the plaintiffs, but avers that the decision speaks for itself and denies UTC's characterization of that opinion to the extent it is inconsistent with it.

18. Ashland admits UTC and other parties entered into a Consent Decree with the Rhode Island Department of Environmental Management, as alleged in paragraph 18, but avers that the document speaks for itself and denies UTC's characterization of the terms of that document to the extent it is inconsistent with it.

19. Ashland is without sufficient information to admit or deny the allegations of paragraph 19, and therefore denies and demands strict proof thereof.

20. Ashland is without sufficient information to admit or deny the allegations of paragraph 20, and therefore denies and demands strict proof thereof.

21. Ashland is without sufficient information to admit or deny the allegations of paragraph 21, and therefore denies and demands strict proof thereof.

**Count I – CERCLA §§ 107 and 113 (UTC's Past Costs)**

22. Ashland repeats and reaffirms its responses to paragraphs 1-21 as if fully set forth herein.

23. In response to the allegations of paragraph 23, Ashland states that the Court's decision in U.S. v. Davis, 31 F. Supp. 2d 45 (D.R.I. 1998), speaks for itself.

24. Ashland denies the allegations of paragraph 24 and demands strict proof thereof.

**Count II – CERCLA §§ 107 and 113 (Equitable Allocation of Ashland's Response Costs)**

25. Ashland repeats and reaffirms its responses to paragraphs 1-24 as if fully set forth herein.

26. Paragraph 26 merely re-states allegations in Ashland's Complaint and UTC's Answer, and therefore does not require a response. To the extent a response may be required, Ashland denies the allegations of paragraph 26 to the extent those allegations are inconsistent with the prior pleadings from which they have been taken.

27. Ashland denies the allegations of paragraph 27 and demands strict proof thereof.

28. Ashland denies the allegations of paragraph 28 and demands strict proof thereof.

**Count III – Set Off (Equitable Doctrine of Recoupment)**

29. Ashland repeats and reaffirms its responses to paragraphs 1-28 as if fully set forth herein.

30. Ashland admits only that it has not paid UTC any money related to the soil remediation at the Davis site, but denies that it is liable to UTC for UTC's alleged costs and denies the remaining allegations of paragraph 30.

31. Ashland denies the allegations of paragraph 31 and demands strict proof thereof.

32. Ashland denies the allegations of paragraph 32 and demands strict proof thereof.

33. Ashland denies the allegations of paragraph 33 and demands strict proof thereof.

34. Ashland denies any allegations not specifically addressed above.

35. Ashland denies that it is liable to UTC.

**Affirmative Defenses**

36. UTC has failed to state a claim upon which relief can be granted.

37. The applicable statutes of limitations bar all or part of UTC's claims.

38. The doctrines of res judicata and/or collateral estoppel bar all or part of UTC's claims.

39. The doctrine of unclean hands bars all or part of UTC's claims.

40. The doctrine of laches bars all or part of UTC's claims.

41. The doctrine of waiver bars all or part of UTC's claims.

42. Some or all of UTC's costs were not incurred consistently with the National Contingency Plan and therefore are not recoverable.

WHEREFORE, having fully answered the allegations contained in the Counterclaim filed by defendant/counterclaim plaintiff UTC, the plaintiff/counterclaim defendant Ashland requests this Court to dismiss UTC's Counterclaim in its entirety, with prejudice, and award Ashland the

relief sought in its Complaint, plus such other and further relief as this Court deems just and meet.

Respectfully submitted,

ASHLAND INC.
By its attorneys,

/s/________________________

David B. Graham, Esq.
dbgraham@kaufcan.com

/s/________________________

W. Hunter Old, Esq.
whold@kaufcan.com
KAUFMAN & CANOLES, P.C.
P.O. Box 6000
Williamsburg, Virginia 23188
(757) 259-3800 (telephone)
(757) 259-3838 (facsimile)
*Counsel for Ashland Inc.*
*(admitted pro hac vice)*

/s/________________________

Anthony F. Muri, Esq. (R.I. Bar No. 539)
amuri@murilaw.com
MURI ASSOCIATES LLC
10 Weybosset Street
Providence, RI 02903-2808
(401) 421-7300 (telephone)
(401) 421-7352 (facsimile)
*Local Counsel for Ashland Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2008 this Response was filed electronically, that it is available for viewing and downloading from the ECF system, and that each of the following persons has been served by means of the ECF system:

Gregory L. Benik gbenik@jreri.com, mbiagetti@jreri.com

Dean M. Cordiano dmcordiano@daypitney.com, dlweeks@daypitney.com

Rene A. Ortega raortega@daypitney.com

Joseph P. Quinn jquinn@quinnlawllc.com

S. Paul Ryan Spryan@eplaw.necoxmail.com

Joseph K. Scully JKScully@DayPitney.com, DCharles@DayPitney.com

I further certify that on September 10, 2008 the following were served by U.S. mail, postage prepaid, at the addresses noted:

Russell V. Randle
Patton Boggs, L.L.P.
2550 M Street N.W.
Washington, DC 20037-1350

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

/s/
Anthony F. Muri