**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ASHLAND, INC.<br>Plaintiff, | : | C.A. No. 1:08-CV-227-T-LDA |
| v. | : | |
| GAR ELECTROFORMING, INC. THE BLACK & DECKER CORPORATION, EMHART INDUSTRIES, MORTON INTERNATIONAL, INC., ROHM & HAAS COMPANY, ACCO-BRISTOL DIVISION OF BABCOCK INDUSTRIES, BRISTOL, INC., PERKIN-ELMER CORPORATION, APPLERA CORP., and UNITED TECHNOLOGIES COPORATION<br><br>Defendants. | : | |

**DEFENDANT APPLERA CORPORATION'S**
**ANSWER TO UNITED TECHNOLOGIES CORPORATION'S CROSS-CLAIMS**

Defendant Applera Corporation ("Defendant") answers the cross-claims of United Technologies Corporation as follows:

## INTRODUCTION

1. Paragraph 1 of the Counterclaim states a legal conclusion that requires no response. To the extent a response may be required, Defendant denies the same.

2. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 and therefore denies the same.

## PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3 and therefore denies the same.

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 4 and therefore denies the same.

## JURISDICTION AND VENUE

5. The allegations contained in paragraph 5 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations in paragraph 5.

6. The allegations contained in paragraph 6 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations in paragraph 6.

7. The allegations contained in paragraph 7 constitute legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations in paragraph 7.

## FACTS

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14.

15. Defendant admits that UTC and other parties (not including any of the other defendants in this action) entered into a Partial Consent Decree with the EPA, as alleged in paragraph 15, but avers that the document speaks for itself and denies UTC's characterization of

the terms of that document to the extent they are inconsistent with it.

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 16 and therefore denies the same.

17. Defendant admits the allegations in paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 18 and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 19 and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 20 and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 21 and therefore denies the same.

**COUNTERCLAIM COUNT I - CERCLA §§ 107 AND 113 (UTC'S Past Costs)**

22. Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs 1-21 above.

23. The allegations in paragraph 23 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

24. The allegations in paragraph 24 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations arc denied.

**COUNTERCLAIM COUNT II- CERCLA §§ 107 AND 113 (Equitable Allocation of Ashland's Response Costs)**

25. Defendant incorporates by reference as if fully set forth herein its responses to

the allegations in the preceding paragraphs 1-24 above.

26. The allegations in paragraph 26 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

27. Defendant admits that this Court's equitable allocation in its 1998 decision, 31 F. Supp. 2d 45 (D.R.I. 1998), aff'd, 261 F.3d 1(1st Cir. 2001), is binding on the defendants that were parties to that action. Defendant denies that UTC is entitled to recover "unrecovered response costs and interest UTC incurred in connection with [the] soil remediation[]" of the Davis Site from Defendant. As to the remaining allegations in paragraph 27, the allegations are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

28. The allegations in paragraph 28 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

**COUNTERCLAIM COUNT III — Set off (Equitable Doctrine of Recoupment)**

29. Defendant incorporates by reference as if fully set forth herein its responses to the allegations in the preceding paragraphs 1-28 above.

30. The allegations in paragraph 30 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations arc denied.

31. The allegations in paragraph 31 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest

liability on the part of Defendant, the allegations are denied.

32. The allegations in paragraph 32 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

33. The allegations in paragraph 33 are not directed toward Defendant, and therefore no response is necessary. To the extent that such allegations suggest or attempt to suggest liability on the part of Defendant, the allegations are denied.

**CROSS-CLAIM COUNT I (as to Gar, Emhart, Black & Decker, ACCO-Bristol, Bristol, Perkin-Elmer and Applera)**

1. Defendant incorporates by reference as if fully set forth herein its responses to the allegations in paragraphs 1-33 of the Counterclaims above.

2. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 and therefore denies the same.

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3 and therefore denies the same.

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 4 and therefore denies the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5 and therefore denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and therefore denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 7 and therefore denies the same.

8. Defendant admits the allegations in paragraph 8.

9. Defendant denies that it contributed to the contamination of the Davis site. The remainder of the allegations contained in paragraph 9 constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the remaining allegations in paragraph 9.

10. The District Court and First Circuit decisions speak for themselves, and therefore, no response to paragraph 10 is required.

11. Defendant denies it is liable to UTC under §§ 107 and 113 of CERCLA for response costs incurred by UTC.

**CROSS-CLAIM COUNT II (as to Gar, Emhart, Black & Decker, ACCO-Bristol, Bristol, Perkin-Elmer and Applera)**

12. Defendant incorporates by reference as if fully set forth herein its responses to the allegations in paragraphs 1-11 of Cross-Claim I above.

13. Defendant denies it is liable to UTC under §§ 107 and 113 of CERCLA for response costs incurred by UTC. As to the allegations directed at other Cross-Claim Defendants, no response is required by this Defendant.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense as to all Cross-Claims.

UTC has failed to state a claim upon which relief can be granted.

Second Affirmative Defense as to all Cross-Claims.

UTC's cross-claims arc barred by the applicable statutes of limitation.

Third Affirmative Defense as to all Cross-Claims.

If this Court finds that Defendant is liable, which liability Defendant denies, then such liability is limited to 0.57% of any response costs that UTC is entitled to recover, such percentage being the amount allocated to Defendant by the District Court in U.S. v. Davis and

affirmed by the United States First circuit Court of Appeals in U.S v. Davis, 261 F.3d 1 (1st Cir. 2001).

Fourth Affirmative Defense as to all Cross-Claims.

Some or all of UTC's costs were not incurred consistently with the National Contingency Plan and therefore are not recoverable.

Applera Corporation

By their attorneys,

/s/ Gregory L. Benik

Gregory L. Benik, Esq. (#1515)
BENIK & ASSOCIATES P.C.
931 Jefferson Boulevard, Suite 2008
Warwick, RI 02886
(401) 454-0054
(401) 732-3550 (fax)
gbenik@jreri.com

Dated: September 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September, 2008, I caused a copy of the within Defendant Applera Corporation's Answer to United Technologies Corporation's Cross-claims to be sent by electronic means (ECF) to the following counsel of record:

**Anthony F. Muri**
amuri@murilaw.com

**Dean M. Cordiano**
dmcordiano@daypitney.com

**Joseph K. Scully**
JKScully@DayPitney.com

**Rene A. Ortega**
raortega@daypitney.com

**S. Paul Ryan**
Spryan@eplaw.necoxmail.com

/s/ Gregory L. Benik